ROBERT S. BREWER, JR.
United States Attorney
NICHOLAS J. HERNANDEZ
Assistant U.S. Attorney
New York Bar No. 5185277
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Telephone: (619) 546-7029
Email: Nicholas.hernandez@usdoj.gov

Attorneys for the United States

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRANDON FARGASON,<br><br>Defendant. | Case No.: _20-MJ-1729-MSB<br><br>**THE UNITED STATES' MOTION FOR AN ORDER EXTENDING TIME TO FILE AN INFORMATION OR INDICTMENT AND EXCLUDING TIME PURSUANT TO 18 U.S.C. § 3161(h)(7)(A)** |

## I

## INTRODUCTION

The United States ordinarily must file an information or indictment within 30 days of arrest. 18 U.S.C. § 3161(b). However, a court may extend that deadline if it sets forth reasons for finding "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). For the reasons discussed herein, the United States respectfully requests the Court make such findings in this case and extend the time for the filing of an information or indictment to June 12, 2020.

## II
## APPLICABLE LAW

The United States ordinarily must file an information or indictment "within thirty days" of arrest. 18 U.S.C. § 3161(b). If "no grand jury has been in session" in the district in the 30 days following the arrest, § 3161(b) provides a 30-day extension of the time to file an information or indictment. However, certain periods of delay are "excluded from computing the time within which an information or indictment must be filed," including:

> Any period of delay resulting from a continuance granted by any judge . . . at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). The statute identifies four "factors" judges are to consider when making such a finding, including:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b)[.]

18 U.S.C. § 3161(h)(7)(B).

## III
## ANALYSIS

Defendant Brandon Fargason ("Defendant") was arrested on May 6, 2020, and subsequently charged in a felony complaint. ECF No. 1. Without an extension, June 5, 2020 was the last day to file an Information or Indictment under § 3161(b). The United States has not filed an Information because Defendant has not waived his right to proceed by way of indictment.

On March 17, 2020, the Chief Judge of the Southern District of California entered an Order suspending jury trials and other proceedings scheduled to begin before April 16. In light of the public health restrictions outlined in the Order, and in order to protect public safety and prevent the spread of the COVID-19 outbreak, the Court declared a judicial emergency and suspended "all grand jury proceedings." The Chief Judge subsequently extended that Order by 30 days to May 16, 2020, in Order of the Chief Judge No. 24. On May 15, 2020, the Chief Judge extended the judicial emergency a second time by another 30 days in Order of the Chief Judge No. 27, but the Order lifted the suspension on grand jury proceedings.[1]

Thus, no grand jury was in session in the District in the first 14 days following Defendant's arrest. In fact, "[a]ll grand jury proceedings" in the District were suspended pursuant to the Orders of the Chief Judge. During the period of the judicial emergency, a voluminous number of cases have been filed – most with defendants being issued Notices to Appear for a later date, but some in which defendants were taken into custody. On May 20, 2020, a grand jury was in session for a half-day. Since that time, grand juries have met for half-days on May 27, May 29, June 2, June 3 and June 4. Given the large number of cases pending indictment and the inability to present them all at once, the United States prioritized presentation of cases to the various grand jury panels based on the applicable 30-day or 60-day limit under § 3161(b).

This case was scheduled to be presented to the grand jury on Friday, June 5, 2020, which was within the limitation for an Indictment or Information to be filed. Unfortunately, the panel was unable to achieve a quorum, and this case could not be presented. There will not be another grand jury in session before the deadline to file an

---

[1] *See* Order of the Chief Judge No. 18, *available at* <https://www.casd.uscourts.gov/_assets/pdf/rules/Order %20of%20the%20Chief%20Judge%2018.pdf>; Order of the Chief Judge No. 24, *available at* <https://www.casd.uscourts.gov/_assets/pdf/rules/Order%20of%20the%20Chief%20Judge%2024.pdf>; Order of the Chief Judge No. 27 <https://www.casd.uscourts.gov/_assets/pdf/rules/Order%20of%20the%20Chief%20Judge%2027.pdf>.

Information or Indictment in this case elapses. However, the United States anticipates that grand jury panels will meet on June 9, June 10, June 11, and June 12 and will present this case to one of those panels, after taking into account other cases that must be presented to comply with the restrictions of § 3161(b).

Based on these facts, the United States submits that the failure to grant the requested continuance in this case would "make a continuation of [this] proceeding impossible, or result in a miscarriage of justice" under § 3161(h)(7)(B)(i). *See* 18 U.S.C. § 3162(a) (remedy for failure to file indictment or information within time limits is dismissal); *United States v. Barraza-Lopez*, 659 F.3d 1216, 1218 (9th Cir. 2011) (same). Additionally, the facts above make clear that any delay in this case "in the filing of the indictment is caused because the arrest occur[red] at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b)." 18 U.S.C. § 3161(h)(7)(B)(iii). Specifically, because all grand jury proceedings in the District had been suspended for over two months due to a judicial emergency caused by a global health pandemic, because the Government has had to prioritize the presentation of all cases filed during that period since the resumption of grand jury proceedings, and because the grand jury panel to which this case was scheduled to be presented was unable to achieve a quorum without prior notice to the United States, it is unreasonable to expect the United States to file an Indictment within the ordinary window provided in § 3161(b). *See also* Order of the Chief Judge No. 18 (explaining "The effect of [the COVID-19] public health recommendations and the concerns and restrictions that they have generated has greatly jeopardized the Court's ability to obtain an adequate spectrum of trial and grand jurors").

//
//
//
//
//
//

4

## IV
## CONCLUSION

The United States respectfully requests the Court extend the time for the filing of an Information or Indictment to June 12, 2020 and exclude the time from June 5, 2020 to June 12, 2020 under 18 U.S.C. § 3161(h)(7)(A).

DATED: June 8, 2020

Respectfully submitted,
ROBERT S. BREWER, JR.
United States Attorney

*/s/ Nicholas J. Hernandez*
Nicholas J. Hernandez
Assistant United States Attorney